[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION FOR PROTECTIVE ORDER OF DEFENDANT ATTA-MENSAH
Kofi Atta-Mensah, M.D., a defendant in the above-captioned medical malpractice action, seeks a protective order requiring the plaintiff to obtain discovery by means other than the interrogatories and requests for production of documents that the plaintiff served on him on July 15, 2002.
The movant asserts that because the interrogatories are numerous and because some are subject to objection on the basis that they are repetitive, seek attorney work product, or inquire into privileged matters, the court should enter an order relieving him of the duty to respond to any of them and requiring the plaintiff to file a different set of interrogatories or engage in alternative forms of discovery.
The discovery at issue consists of 123 interrogatories, some of which have multiple subparts, and eight requests for production of documents.
Standard
Practice Book § 13-5 provides in pertinent part:
[u]pon motion by a party from whom discovery is sought, and for good cause shown, the judicial authority may make any order which justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the discovery not be had; (2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place; (3) that the discovery may be had only by a method of discovery other than selected by the party seeking discovery; CT Page 14765 (4) that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters. . . .
Should the plaintiff be precluded from the discovery at issue?
Connecticut civil procedure permits numerous forms of discovery. In medical malpractice cases, it is customary for a plaintiff to begin with interrogatories and requests for production of documents and to use the material obtained from such written discovery as the basis for questions at depositions or for requests for admissions. The judges of the Superior Court have not enacted any form interrogatories to be used in medical malpractice cases, and in this category of case, parties are free to develop their own written discovery, tailored to the issues of the particular case.
In the instant case, the plaintiff alleges that Dr. Atta-Mensah improperly and negligently misdiagnosed the decedent's medical condition, that he failed to communicate adequately with other medical personnel who were treating the decedent for gastrointestinal disorders, that he inappropriately prescribed enemas, that he failed to complete or order appropriate tests or observations, and that he failed to obtain a surgical consultation to determine her ailment.
The interrogatories at issue inquire into the details of Dr. Atta-Mensah's qualifications, medical experience, publications, treatment of the decedent, findings, diagnosis, consultations, tests administered, communications with the decedent, and other relevant matters. The interrogatories are, indeed, detailed, and it would be possible for the plaintiff to seek some of the information in a deposition rather than by interrogatories. This possibility does not, however, lead to a conclusion that a party may not instead use written interrogatories. It may well be that the quality of a party's response to a written interrogatory may be superior to the response that can be obtained at a deposition, when lapses of memory or lack of access to documents, or even language problems, may diminish the quality and completeness of the response. Connecticut's discovery rules do not require a party to forego written discovery simply because the same questions could be asked at a deposition.
As the movant observes, some of the interrogatories inquire into matters to which an objection would probably be sustained. The movant has offered no convincing reason why such objections cannot simply be stated and claimed for adjudication pursuant to Practice Book § 13-8, which requires a good faith consultation to narrow the areas of objection. CT Page 14766
In an advocacy system, it is inappropriate for the court to curtail a party's access to the various discovery procedures provided in the Practice Book without some showing of good cause. The court finds that the task of complying with the admittedly detailed discovery is a burden but that it is not an "undue burden" within the meaning of Practice Book § 13-5 since, for the most part, the interrogatories are directed at subject areas that are discoverable in a case of this sort. The movant's preference for a different mode of discovery does not constitute good cause for depriving the plaintiff of her choice of approaches to discovery for the preparation of her case.
Conclusion
For the foregoing reasons, the motion is denied. The court notes that the movant has filed the objections to every single paragraph of the interrogatories. The court will hold the parties to the obligation set forth in Practice Book §§ 13-8(b) and 13-10 (c). The movant shall file a revised set of objections eliminating those that are resolved and attaching a draft order listing the remaining contested items, listing separately each subpart for which adjudication is necessary. Pursuant to the general case management order, the court will not adjudicate the revised objections until a request for adjudication is filed.
___________________ Beverly Hodgson Date Judge of the Superior Court CT Page 14767